# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ROBERT BLACKWELL,<br>    Plaintiff,<br><br>v.<br><br>INLAND DREDGING COMPANY, LLC,<br>    Defendant. | )<br>)<br>)<br>)   CIVIL ACTION 09-0649-WS-C<br>)<br>)<br>) |
| CHARLES M. LYONS,<br>    Plaintiff,<br><br>v.<br><br>INLAND DREDGING COMPANY, LLC,<br>    Defendant. | )<br>)<br>)<br>)   CIVIL ACTION 09-0650-WS-M<br>)<br>)<br>) |

**ORDER**

These related matters come before the Court on the Joint Motion to Consolidate (doc. 43) filed in *Blackwell v. Inland Dredging Company, LLC*, Civil Action 09-0649-WS-C. In the Joint Motion, counsel for plaintiffs Robert Blackwell and Charles Lyons, as well as counsel for defendant, Inland Dredging Company, LLC, jointly request that these actions be consolidated for all purposes including trial, and that the trial setting from *Lyons v. Inland Dredging Company, LLC*, Civil Action 09-0650-WS-M, be applied to this consolidated action.

Review of the court files confirms that these actions are closely related. In the *Blackwell* action, the plaintiff brings Jones Act and other claims against Inland Dredging arising from injuries that he sustained on April 28, 2009, while employed as a deckhand assigned to the M/V TIGER, a vessel owned by defendant. Likewise, in the *Lyons* action, the plaintiff brings Jones Act and other claims against Inland Dredging arising from injuries that he sustained on April 28, 2009, while employed as a deckhand assigned to the M/V VOLUNTEER, another vessel owned by defendant. It appears that plaintiff Blackwell was injured while attempting to rescue plaintiff

Lyons, who was injured upon falling overboard; thus, both plaintiffs' claims arise from the same incident on the same date. Both plaintiffs are bringing the same or substantially similar claims against the same defendant, and there is substantial identity of counsel in both actions. In short, court records bolster the parties' assertion that *Blackwell* and *Lyons* are properly viewed as companion cases involving the same or similar facts and witnesses as to the same man-overboard incident.

Pursuant to Rule 42(a), Fed.R.Civ.P., a district court has authority to order consolidation when "actions before the court involve a common question of law or fact." *Id.* The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). Ultimately, district courts in this Circuit have been "encouraged ... to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495 (citation and internal quotation marks omitted).

Upon review of the Motion to Consolidate, and other relevant portions of the court file in both cases, the Court agrees with counsel that consolidation is appropriate here, pursuant to Rule 42(a). As described *supra*, the factual and legal issues presented in both actions appear substantially similar and will likely be identical in numerous respects. The identities of the parties are substantially similar in both cases, and the claims joined in the two lawsuits overlap considerably. Based on considerations of efficiency, judicial economy, the risk of inconsistent rulings on common questions, the burden on the parties and the court, and the relative expense of

proceeding separately versus together, consolidation of these actions would plainly streamline these proceedings and eliminate unnecessary repetition and confusion. Simply stated, it would be more sensible and efficient to litigate all issues of fault and liability arising from the man-overboard incident on April 28, 2009 involving Inland Dredging vessels in a single proceeding than to do so piecemeal in multiple actions.

For all of the foregoing reasons, as well as the fact that no party opposes consolidation, the Court exercises its discretion in favor of **consolidating** these actions for all purposes (through and including trial), pursuant to Rule 42(a). The Motion to Consolidate is **granted**. To effectuate consolidation, the Clerk of Court is hereby **directed** to extract documents 1 through 47 from Civil Action No. 09-0650-WS-M and to make those documents a part of the court file in Civil Action No. 09-0649-WS-C. Furthermore, the Court finds that there is no present reason to maintain Civil Action No. 09-0650-WS-M as an open file. Therefore, the Clerk is **directed** to submit a JS-6 to the Administrative Office which indicates that 09-0650 is statistically closed and thus removed from the pending docket of this Court. The Clerk shall thereafter maintain that file as a closed file. To avoid any confusion, and given that 09-0650 will henceforth be a closed file that has been swallowed whole by 09-0649, the parties are **ordered** not to include the caption of 09-0650 in any future filings in this action and not to file any pleadings directly in 09-0650. Rather, all future filings in these consolidated proceedings should be made exclusively in 09-0649.

As a practical consequence of this consolidation, it is necessary to harmonize the divergent Rule 16(b) Scheduling Orders previously entered in the two cases, so as to subject the parties to a single unified set of pretrial and trial deadlines. Accordingly, it is **ordered** that the Scheduling Order previously entered in the *Lyons* action (and found at document 39 of Civil Action No. 09-0650-WS-M) will govern for all purposes in this consolidated action henceforth, and that the deadlines in the Scheduling Order previously entered in the *Blackwell* action (and found at document 34 of Civil Action No. 09-0649-WS-C) will be of no further force and effect. By way of example, then, the discovery completion date in this consolidated action is now **July 30, 2010**, with the final pretrial conference to be held on **January 11, 2011** at **10:00 a.m.**, and non-jury trial to be held during the **February 2011** civil term. The *Lyons* Scheduling Order is

now the <u>only</u> operative Rule 16(b) Order in these proceedings.

DONE and ORDERED this 9th day of June, 2010.

<u>s/ WILLIAM H. STEELE</u><br>
CHIEF UNITED STATES DISTRICT JUDGE